## Alling v. Williamsport Area School District

*Charles J. McKelvey*, for plaintiffs.

*Nathan W. Stuart, Paul W. Reeder, Robert J. Sarno* and *William Hebe*, for defendants.

GREEVY, P. J., November 5, 1974:—The preliminary objections filed by the Pennsylvania State Education Association, the Williamsport Education Association and all teachers and personnel employed by the Williamsport Area School District, who are members of the Pennsylvania State Education Associa-

tion and/or Williamsport Education Association, raise a question of jurisdiction. The objections set forth that plaintiffs in the action lack capacity to sue for they are not the public employer; therefore, the court is without jurisdiction to entertain the complaint.

Jurisdiction relates to the field of litigation in which a court has authority to adjudicate. There is no common-law equity jurisdiction in Pennsylvania. A court may exercise only those equitable powers which have been specifically conferred by the legislature.

The scope of the court's jurisdiction in the instant case is defined in section 1003 of the Act of July 23, 1970, P. L. 563 (No. 195) 43 PS §1101.1003, which provides, inter alia:

"If a strike by public employees occurs . . . it shall not be prohibited unless or until such a strike creates a clear and present danger or threat to the health, safety or welfare of the public. In such cases the public employer shall initiate in the court of common pleas of the jurisdiction where such strike occurs, an action for equitable relief including but not limited to appropriate injunctions and shall be entitled to such relief if the court finds that the strike creates a clear and present danger or threat to the health, safety or welfare of the public."

Public employer as defined in the act means the Commonwealth of Pennsylvania, its political subdivisions, including school districts and any officer, board, commission, agency, authority or other instrumentality thereof, and any nonprofit organization or institution, and any charitable, religious, scientific, literary, recreational, health, educational, or welfare institution receiving grants or appropriations from local, State or Federal governments.

These statutory requisites are jurisdictional in the strict sense of that term.

Where matters of jurisdiction are concerned, the courts must enforce the letter of the law. As the Supreme Court of Pennsylvania stated in the recent case of Commonwealth of Pennsylvania v. Ryan, et al., decided October 16, 1974, "No emergency, real or feared, and no alleged hardship to a complaining party, however great, can justify a court's entertaining and passing upon a subject matter which is not within its jurisdictional competence."

For the court to entertain a complaint filed by someone other than the public employer would undercut the legislative policy on which Act 195 was based. A major purpose of the act is to encourage the peaceful resolution of labor disputes by the public employers and/or employes, through ordinary collective bargaining procedures.

For this court to entertain an equitable complaint for the relief here sought, it must be filed by the public employer as defined by the act. There is no other statutory delegation of equitable jurisdiction to enjoin strikes by public employees.

Therefore, this court is without jurisdiction to entertain this action seeking equitable relief to enjoin a strike by public employes because the action was instituted by persons not within the contemplation of the act, and, therefore, the court makes the following:

### ORDER

And now, November 5, 1974, the preliminary objections filed by the Pennsylvania State Education Association, Williamsport Education Association, and/or teachers and personnel employed by Williamsport Area School District who are members of the Pennsylvania State Education Association, and/or Williamsport Education Association are sustained and the complaint is dismissed.

Each party to pay his own costs.